FILED
1:23 pm, May 17, 2018
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

SCANNED at PENDLETON and Emailed on
5/17/18 by KS - 8 pages.
(date)   (initials)   (num)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY SEEKING REVIEW OF PRISON DISCIPLINARY SANCTION

| Court: United States District Court | District: Southern District of Indiana |
|---|---|
| Name: Michael Carrico | Docket or Case No.: ISR 18-01-0016 |
| Place of Confinement: Pendleton Correctional Facility | Prisoner ID No.: 106495 |
| Name of Petitioner: Michael Carrico v. | Name of Respondent (Superintendent having custody of petitioner): D. Zatecky |
| The Attorney General of the State of: Indiana | |

## PETITION

1. Name and location of prison disciplinary body that determined guilt of conviction under attack: Disciplinary Hearing Board (DHB), Pendleton Correctional Facility, 4490 W. Reformatory Road, Pendleton, Indiana, 46064-9001.

2. Date of judgment of conviction: 1-17-2018

3. Sanction(s) imposed: 30 Days Kiosk, commissary restriction/ 90 Days segregation / 30 Days loss of earned credit time

4. Nature of all infractions (rule violations) involved: Use of a Cellular device

5. What was your plea? (Check one)
   (a) Not Guilty  ☒
   (b) Guilty      ☐
   (c) Nolo contendre ☐

6. If you pleaded not guilty, what kind of hearing did you have? (Check one)
   (a) Hearing Officer ☒
   (b) Full Hearing    ☐
   (c) Other Specify   ☐ _____

~ 2 ~

7. Did you testify at the disciplinary hearing? ☒ Yes ☐ No

8. Did you appeal the decision of guilt and imposition of sanctions? ☒ Yes ☐ No

9. If you did appeal, answer the following:

   (a) Name and title of institutional reviewing authority: A. Smith - Re-entry
   (b) Result of appeal: Appeal Denied
   (c) Date of result: 2-21-2018
   (d) Grounds raised: Multiple conduct reports for (1) one offense / Denied requested video camera evidence

   (e) If you sought review from any denial of your appeal from a high reviewing authority, answer the following:

   (i) Name and title of higher reviewing authority: R. Allega - Legal Services Div.
   (ii) Result of higher appeal: Appeal Denied
   (iii) Date of result: 3-2-2018
   (iv) Grounds raised: Multiple conduct reports for (1) one offense / Denied requested video camera evidence

10. Other than administrative appeals from the judgment of conviction and sanction(s), have you previously filed any petitions, applications or motions with respect to this disciplinary sanction in any court, state or federal? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," please give the following information:

    (1) Name of court: _____
    (2) Nature of proceeding: _____
    (3) Grounds raised: _____

    (4) Did you receive an evidentiary hearing on your petition, motion or application?
        ☐ Yes ☒ No

    (5) Result: _____

(6) Date of result:_____

(7) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, motion or application?  ☐ Yes  ☒ No

(8) If you did *not* appeal from any adverse action of any petition, motion or application, explain briefly why you did not:

_Following procedural steps I was told to follow_

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same. **CAUTION:** *In order to proceed in federal court, you must ordinarily first exhaust all available administrative appellate remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.*

A. Ground One: _Due Process - Denial of requested video evidence_

Supporting FACTS (state *briefly* without citing cases or law): _I was given (5) five conduct reports for use of a cellular device after posting on social media (facebook) one of which was on 5-30-2017, approx. (7) seven months prior to conduct report. I argue that several family members have access to said account and that someone else posted on at least (2) two of the dates in question. I requested video evidence to show that I was at_

work on camera working and not posting on social media. I was told that the camera evidence was available, but would not be reviewed because I admitted to using social media in a prior interview by internal affairs. I told the DHB officer, I was not denying using facebook, but arguing the number of reports and time of the reports

B. Ground Two: Multiple/Duplicate conduct reports for the same incident

Supporting FACTS (state *briefly* without citing cases or law): I was given (8) eight conduct reports, all stemming from the same incident. The first (5) five reports are all the same (use of cellular device) the sixth report is for (possession of cellular device) and two more reports for items found in my property during a search resulting from the first (5) five reports. To charge an offender with possession of a cellular device and (5) five more charges for "use" of the same device is redundant and excessive. (5) Five of the reports are all too similar to be considered seperate incidents, at least (2) two are duplicate reports, word for word. ADP 02-04-101

Section V, part B, subsect 3, states: Each seperate offense must be factually distinguishable from the others. Case numbers: ISR 18-01-0016/0017/0018/0019/0020, are the same report

C. Ground Three: Excessive Sanctions for Duplicate, non-violent conduct reports for non-violent offenses

Supporting FACTS (state *briefly* without citing cases or law): I was found guilty of (8) eight conduct reports, all stemming from the same incident, all non-violent and all carrying seperate sanctions. Individually, these sanctions do not seem excessive, collectively, however, they are extremely excessive, resulting in a total of: (3) Three years disciplinary segregation/ 635 days loss of good time/ 240 days Commissary restriction/ 210 days Kiosk restriction/ 120 days phone restriction/ and a decision to permanently take my contact visits, limiting contact with my wife/family for an excessive period of time. (6) Six of these sanctions were issued on the same day, the rest were issued within a (2) two week period. These mass sanctions are detrimental to morale and one's own mental and emotional wellbeing.

~ 6 ~

D. Ground Four: <u>Lack of mitigative consideration by DHB staff during hearing/sentencing</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>ADP 02-04-101, clearly states that certain things shall be considered when hearing/ sanctioning an offender, e.g. - clear conduct, employment, education, programs completed, etc. Prior to incident, I had (5) five years clear of all conduct. During that five years I earned my GED, completed a DOL (Dept. of Labor) program. Held steady employment in the barber shop and carpentry shop, where I completed many large jobs for the facility, including roofing projects, masonry, hanging gutters, building a video conference room and many other building construction project, as well as making woodcraft projects to be donated to charities to raise money for Autistic children. I was also married in the facility visiting room. None of these things were considered during the sanctioning process. There was no consideration for prior conduct/behavior</u>

13. If any of the grounds listed in ¶ 12A, B, C and/or D were not previously presented in your administrative appeal, state *briefly* what grounds were not presented and give your reasons for not presenting them: <u>Ground Three, Ground Four:</u>

I had no room on prior appeal form us to raise those issues. I was told I could not add pages to prior appeal form. If I could not fit it on the form provided I could not raise the issue

14. Do you have any petition, motion, application or appeal now pending in any court or before any administrative hearing body, either state or federal, as to the disciplinary action under attack?

☐ Yes   ☒ No

15. Give the name and prison identification number or title of any inmate or staff law advocate who represented you in the following stages of the disciplinary proceeding under attack:

a. Disciplinary hearing: None (did not speak/help during hearing)
b. Institutional level appeal: None
c. Higher level appeal: None

**WHEREFORE**, Petitioner prays that the Court grant petitioner relief to which petitioner may be entitled in this proceeding.

_Michael Carrico_
(signature)

_Michael Carrico_
(name, printed)
Petitioner / *Pro se*

## AFFIRMATION

I, the undersigned, declare (or certify, verify, or state) under penalty of perjury that the foregoing representations are true and correct to the best of my personal knowledge and belief; and, that this Petition for Writ of Habeas Corpus was placed in the mailing system on the below executed date.

Executed on <u>May 16</u>, 201<u>8</u>.

<u>Michael Carrico</u>
(signature)

<u>Michael Carrico</u>
(name, printed)
Petitioner / *Pro se*

IDOC # <u>106495</u>
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana. 46064-9001